SARAH M. PIPER *vs.* MERCANTILE MUTUAL ACCIDENT
ASSOCIATION.

Suffolk.   January 18, 1894. — June 22, 1894.

Present: FIELD, C. J., ALLEN, MORTON, & BARKER, JJ.

*Accident Insurance — Walking on Railroad Track.*

Where the assured is killed while walking on the road-bed between the tracks of a
railroad, when parallel to it is a sidewalk which he could have used, he is
within that clause of the policy or certificate of the insurance company provid-
ing that " walking or being on the road-bed or bridge of any steam railway are
hazards not contemplated or covered by this certificate," and the fact that many
other people used the road-bed in the same manner is immaterial in an action
against the insurance company upon the policy.

CONTRACT, upon a policy of insurance.   Writ dated December
1, 1891.   At the trial in the Superior Court, before *Braley,* J.,
it appeared that the plaintiff was the widow of J. Ellery Piper,
to whom, on December 31, 1886, a policy of insurance had been
issued by the defendant, by which it promised to pay the sum
of five thousand dollars to the widow of the assured if, during
the continuance of the policy, his death was occasioned by bodily
injuries effected through external, violent, and accidental means
within the intent and meaning of the conditions recited in the
policy.   One of the conditions of the policy provided: " Enter-
ing or attempting to enter or leave any public conveyance using
steam as a motive power while the same is in motion, or walk-
ing or being on the road-bed or bridge of any steam railway, are
hazards not contemplated or covered by this certificate."

The assured, on April 28, 1891, while walking longitudinally
on the road-bed between the tracks of the New York and New
England Railway Company at Hyde Park, for the purpose of
reaching the railway station, was struck by an engine and killed.
There was a public way across the railroad at a short distance

from the station, and a walk parallel with the tracks extending from this way to the station which the assured could have used; but the place where he was walking was not fitted up as a way.

The plaintiff offered evidence, which was admitted without objection, that in coming to that station many people daily crossed the tracks of the railroad at grade at the public way. He further offered to show that it was the universal practice to walk between the tracks where the assured was killed. The judge excluded this evidence; and the plaintiff excepted.

At the request of the defendant, the judge ruled that the action could not be maintained, and directed a verdict for the defendant; and, at the request of the plaintiff, reported the case for the determination of this court. If the ruling was right, the verdict was to stand; otherwise, a new trial was to be granted.

*J. Lowell, Jr.*, (*H. H. Darling* with him,) for the plaintiff.

*E. Avery & A. E. Avery*, for the defendant.

FIELD, C. J.   The policy or certificate issued by the defendant was upon certain express conditions, one of which contained the following clause: " Entering or attempting to enter or leave any public conveyance using steam as a motive power while the same is in motion, or walking or being on the road bed or bridge of any steam railway, are hazards not contemplated or covered by this certificate." On the undisputed facts of this case we think that the plaintiff's husband when he was killed was walking on the road-bed of the New York and New England Railroad Company within the meaning of this clause. We have no occasion to consider whether crossing the road-bed of a railroad when travelling along a public way, or along a private way which a person has a right to use, is " walking or being on the road-bed " within the meaning of the certificate. According to the report, it must be taken as conceded that the plaintiff's husband was walking longitudinally on the road-bed between tracks of the railroad for the purpose of reaching the station. There was a public way across the railroad, and a walk parallel with the tracks extending from this way to the station, which he could have used. The place where he was walking was not fitted up as a way; it was a part of the road-bed, and nothing

more. That many pecple used it as the plaintiff's husband did is immaterial in a suit against this association.

In accordance with the terms of the report, the

*Verdict is to stand.*