CHARLES B. RUSTIN v. STANDARD LIFE & ACCIDENT INSURANCE COMPANY.

FILED JUNE 21, 1899.   No. 8956.

1. **Accident Insurance:** OVEREXERTION. The term "voluntary overexertion" in a policy of accident insurance, means conscious or intentional overexertion, or a reckless disregard of consequences likely to ensue from great physical effort.

2. ———: ———. It cannot be said as a matter of law that the slight elevation of a 300-pound weight by a strong man accustomed to lifting is voluntary overexertion.

3. ———: UNNECESSARY LIFTING. A condition in a contract of casualty insurance forbidding unnecessary lifting is not broken by

an act of lifting which was apparently reasonable and performed in the line of duty.

4. ——: QUESTION FOR JURY. Evidence examined, and *held* to be sufficient to entitle the plaintiff to have the case submitted to the jury.

ERROR from the district court of Douglas county. Tried below before SCOTT, J. *Reversed.*

*James H. McIntosh* and *Charles A. Goss*, for plaintiff in error:

Where the terms of a life insurance policy will bear two interpretations, that one will be adopted which sustains the claim for indemnity. (*Goodwin v. Provident Savings & Life Ass'n*, 66 N. W. Rep. [Ia.] 157.)

It was for the jury to say what conclusion should be drawn from the facts,—that is, whether or not the lifting, which caused the injury to the plaintiff, was unnecessary, or whether the lifting was in fact overexertion under the circumstances, and if overexertion, whether the overexertion was voluntary. The court could not draw these conclusions of fact from the testimony, and it was error to have done so. (*Grant v. Cropsey*, 8 Neb. 205; *Eaton v. Carruth*, 11 Neb. 231; *Atchison & N. R. Co. v. Bailey*, 11 Neb. 332; *Huff v. Ames*, 16 Neb. 139; *City of Lincoln v. Gillilan*, 18 Neb. 114; *Johnson v. Missouri P. R. Co.*, 18 Neb. 690.)

*L. F. Crofoot*, contra.

References: *Lent v. Burlington & M. R. R. Co.*, 11 Neb. 201; *Burns v. City of Fairmont*, 28 Neb. 866; *Chicago, B. & Q. R. Co. v. Barnard*, 32 Neb. 306; *Dehning v. Detroit Bridge & Iron Works*, 46 Neb. 557; *Chicago, B. & Q. R. Co. v. Landauer*, 36 Neb. 643; *Slayton v. Fremont, E. & M. V. R. Co.*, 40 Neb. 844; *Young v. Mutual Accident Ass'n*, 25 Chicago Legal News 143.

SULLIVAN, J.

This action was brought by Charles B. Rustin to recover on a policy of accident insurance issued to him by

the Standard Life & Accident Insurance Company. The injury upon which the claim for indemnity is grounded was the result of an effort on the part of plaintiff to raise a heavy dumb-bell from the ground. The contract contained a stipulation exempting the company from liability for injuries occasioned by unnecessary lifting and voluntary overexertion. The action was defended on the theory that the accident was within the exemption clause. The trial court, at the conclusion of plaintiff's testimony, instructed the jury to return a verdict in favor of the defendant. The correctness of this instruction is the single question presented by the record for decision. The facts being undisputed, we are only required to determine whether they are, under the most favorable construction, sufficient to sustain a verdict in favor of the insured. Rustin was described in his application for insurance as a captalist. After the issuance of the policy he became president of the Courtland Beach Association, a company owning and conducting a pleasure resort near the city of Omaha. This company was arranging to give an exhibition representing the destruction of Pompeii, and the plaintiff was on the ground superintending the preparatory work. While thus engaged he sustained the injury in question. His own account of the accident is as follows: "Construction was going on for giving the show called 'Pompeii,' and I was out there superintending the building of the seats, and so on; and at noon I took my lunch, and after dinner I went out in the shade of a tree, and was lying down, smoking. There had been an arrangement made for the commencement of a performance by Miller,—I have forgotten what Miller,—a strong man, who was going to give an exhibition with dumb-bells. These dumb-bells were on a bar or handle, each five or six feet long, and purported to weigh 225 and 450 pounds. While lying there smoking, I noticed some boys fooling with the lighter dumb-bell,—the 225 weight. It was very apparent to me they were a little shy in weight, and so I got up from where I had been reclining,

and went upon the platform where the bells had just been delivered, and picked up the large dumb-bell, said to weigh 450 pounds; picked it up with apparent ease, but had it out of balance. It was down on the right side. I didn't get it in the center of gravity. In bringing it to a level, I raised my right arm, and something gave away with a loud report,—one of the ligaments of my back." Rustin further testified that he was in good physical condition at the time he was injured; that he was accustomed to lifting and believed he could lift 450 pounds without injury to his system; that in his opinion the heavier dumb-bell did not weigh more than 300 pounds, and that his primary purpose in lifting it was to test its weight with the view of protecting his company and the public from an imposture which he suspected the professional athlete was about to perpetrate. This evidence, we think, was sufficient to warrant a recovery and should have been submitted to the jury. Rustin's injury, it is true, was the natural result of overexertion while attempting to raise the dumb-bell and bring it to a horizontal position; but that fact is not of itself conclusive in favor of the company. The contract right to indemnity was not lost because the injury resulted from overexertion, unless the overexertion was conscious and intentional. (*Manufacturers Accident Indemnity Co. v. Dorgan*, 58 Fed. Rep. 952; *Johnson v. London Guarantee & Accident Co.*, 72 N. W. Rep. [Mich.] 1115.) Surely it cannot be said as a matter of law that the plaintiff was aware of the probable result of his act, or that he acted with a reckless disregard of consequences likely to ensue. That he failed to accurately gauge his own strength, or else to correctly estimate the weight of the dumb-bell, is evident; but accident insurance is not designed to furnish indemnity only in cases where the policy-holder orders his conduct with grave circumspection and a provident foresight of consequences. Mere contributory negligence is no answer to an action on a contract of insurance. Neither is there any absolute inference that the lifting

was unnecessary. According to the plaintiff's testimony, the act was the product of a reasonable motive and was performed in the line of duty. An accident policy undoubtedly contemplates that even a capitalist will do some lifting without physical or moral compulsion. Circumstances in evidence discredit the reason given for the lifting, but they do not indisputably condemn it as false. The question was for the jury to determine. The judgment is reversed and the cause remanded.

REVERSED AND REMANDED.