## MARY E. WEINSCHENK *vs.* ÆTNA LIFE INSURANCE COMPANY.

Suffolk. January 26, 1903. — May 21, 1903.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & BRALEY, JJ.

*Insurance, Accident. Evidence.*

In an action on a policy insuring against death from accident, excluding injuries received while " walking or being on any railroad bridge or roadbed, except at established crossings ", the plaintiff cannot recover if it appears, that the insured of his own motion had gone upon a railroad track and while walking on the roadbed fell because his ankle gave way, and that while he was trying to get off the track he was struck by an engine and killed.

In an action on a policy insuring against death from accident, excluding injuries received while " walking or being on any railroad bridge or roadbed, except at established crossings ", evidence properly is excluded which is offered by the plaintiff to show, that the part of the railroad track along which the insured was walking when the accident occurred had been continuously and openly used for a long time by the residents of the district as a common pathway, without objection on the part of the railroad company, as such a use, if proved, would make the track none the less a roadbed of a railroad within the prohibition of the policy.

CONTRACT upon two policies of accident insurance for $5,000 each, described by the court. Writ in the Supreme Judicial Court dated March 22, 1902.

The case was tried before *Knowlton,* J.  The jury returned a verdict for the defendant; and the plaintiff alleged exceptions.

*E. V. Grabill,* (*H. W. Ogden* with him,) for the plaintiff.

*P. H. Cooney,* for the defendant.

MORTON, J.  This is a suit to recover upon two accident policies issued to the plaintiff's husband, and each containing a promise to pay to the plaintiff $5,000, in case of the death of the insured through external, violent and accidental means. It is admitted that the insured met his death by external, violent and accidental means.  But the policies exclude injuries received while " walking or being on any railroad bridge or roadbed, except at established crossings of such roads with public highways," and the defendant's contention was and is that the insured met his death while walking or being upon a railroad roadbed and not at an established crossing of such road with a public highway.  There was a verdict for the defendant, and the case is here on exceptions by the plaintiff to the refusal of the presiding justice to give certain rulings that were asked for and to the instructions that were given so far as they were inconsistent with the rulings requested.  There is also an exception relating to the exclusion of certain testimony that was offered and rejected.

It is not disputed that the insured at the time when he was killed was walking or being upon a railroad roadbed not at an established crossing of such road with a public highway.  There was evidence which would have warranted the jury in finding that while walking on the railroad roadbed the insured fell because his ankle gave way and while trying to get off the track was struck by the engine and killed.  The justice instructed the jury as requested by the plaintiff that the burden was on the defendant to show that the case came within the exception, and that in order to bring the case within the exception it must appear that the insured was walking or being on the roadbed of a railroad voluntarily.  The substance of the plaintiff's contention on this point is that the insured was not voluntarily upon the roadbed of the railroad at the time of the accident if he had fallen down and was unable by reason of inability to move to get out of the way quickly enough to escape injury.  It is enough to say, we think, in regard to this matter that the in-

structions that were given were sufficiently favorable to the plaintiff and those requested by the plaintiff were rightly refused. If the insured of his own motion went upon the railroad track to walk, then he was voluntarily there at the time of the accident although just before the accident he might have fallen down and have been unable to move on account of causes beyond his control. It may well be doubted whether the evidence warranted submitting to the jury the question whether the insured was or was not voluntarily on the railroad track, and therefore we say that the instructions were sufficiently favorable to the plaintiff.

The first instruction was rightly refused. There was nothing calling for or warranting the giving of it.*

The evidence that was offered that the piece of track along which the insured was walking had been continually and openly used for thirty-five years or more by the residents of that district as a common pathway without objection on the part of the railroad was rightly excluded. It was wholly immaterial. If used as claimed it was none the less a roadbed of a railroad and as such within the prohibitions of the policies.

*Exceptions overruled.*

---

* The instruction referred to was in regard to the definition of an established crossing.