HUNT *v.* UNITED STATES ACCIDENT ASS'N.

1. INSURANCE—ACCIDENT INSURANCE—CONSTRUCTION OF POLICY—
   VOLUNTARY EXPOSURE TO DANGER.

   An exemption in an accident policy of liability for injuries
   resulting from "voluntary or unnecessary exposure to dan-
   ger," means cases in which there is a realization that an acci-
   dent will in all probability result, and an injury follow, from
   the action about to be taken, and the danger of injury must
   be obvious.

2. SAME—LIABILITY ON POLICY—NEGLIGENCE OF INSURED.

   A broken ankle caused by insured putting out his foot to pre-
   vent his running against a wall while playing indoor base-
   ball, *held*, covered by an accident policy exempting in-
   surer from liability for injuries resulting from "voluntary
   and unnecessary exposure to danger," notwithstanding in-
   sured could have stopped before reaching the wall.

Error to Kalamazoo; Adams, J. Submitted October
16, 1906. (Docket No. 85.) Decided December 3, 1906.

Assumpsit by George W. M. Hunt against the United
States Accident Association on a policy of insurance.
There was judgment for defendant on a verdict directed
by the court, and plaintiff brings error. Reversed.

Plaintiff, 36 years of age, was engaged in playing a
game of indoor baseball in the gymnasium of the Young
Men's Christian Association. The floor was smooth and
slippery. The game is played with a soft ball, about
twice the size of an ordinary ball. Plaintiff was batting,
and, having struck the ball, ran to first base, 20 feet from
the home plate. The side wall of the gymnasium was
between 6 and 10 feet beyond the first base. The pitcher
caught the ball, tossed it at plaintiff, and touched him, be-
fore he could reach the first base. He ran beyond the base,
and put out his foot and hand against the wall, which he

had been in the habit of doing, to stop himself. His ankle was broken. He had a policy in the defendant company. In his application plaintiff agreed that the benefits under the policy "shall not extend to or cover * * * voluntary or unnecessary exposure to danger." The court directed a verdict for the defendant, holding that the accident was the result of an involuntary and unnecessary exposure to danger. He based his direction upon the following testimony, given by plaintiff upon cross-examination:

" *Q.* Now, you were running so hard that you could not stop yourself until you ran against the wall; that was the fact, was it?

" *A.* Well, I would not say as to that.

" *Q.* Why didn't you stop, if that was not a fact?

" *A.* Oh, I was feeling good. I felt like running.

" *Q.* Felt like running against the wall?

" *A.* Not necessarily.

" *Q.* Well, you saw the wall, didn't you?

" *A.* Yes.

" *Q.* You knew you were 35 feet away from it, where you stood?

" *A.* Well, sir, in that neighborhood, I suppose.

" *Q.* You were running so hard that you could not stop yourself until you ran into the wall?

" *A.* Oh, I might, if I had tried.

" *Q.* Why didn't you?

" *A.* I don't know why I didn't. It wasn't necessary.

" *Q.* What's that?

" *A.* I don't know why I didn't. I didn't, though.

" *Q.* You didn't think it was necessary to stop when you were running, to prevent your running against the wall, to prevent yourself running against the wall?

" *A.* I was not running very hard.

" *Q.* Why did you run into the wall, if you were not running very hard?

" *A.* Oh, that was just the way I had of stopping.

" *Q.* What?

" *A.* That was just the way of stopping, was all.

" *Q.* The wall stopped you?

" *A.* Yes.

" *Q.* You didn't stop at all? You didn't stop yourself at all? You ran right into the wall?

"*A.* You might put it that way; yes.

"*Q.* Well, that is the fact, isn't it?

"*A.* I didn't stop until I struck the wall."

*Marvin J. Schaberg*, for appellant.

*Thomas A. E. Weadock*, for appellee.

GRANT, J. (*after stating the facts*). That negligence which would defeat a plaintiff in an action for damages on account of the negligence of a defendant finds no place as a defense in the law of insurance against accidents. Such contracts must be shorn of much of their value if ordinary contributory negligence could be interposed as a defense. Thoughtless and inconsiderate acts are some of the very things which these policies are designed to cover. One might easily ascertain whether his gun was loaded before he undertook to clean it. The hunter, in going through the brush, or getting over a fence, or rowing in his boat, should be careful to handle his gun so as to prevent accident. One climbing a ladder should see that the rounds were sound and securely fastened. Ordinary prudence would require these precautions, but hundreds of accidents happen because they are not taken. The term "voluntary exposure to danger" means a realization that an accident will in all probability result, and an injury follow, from the action about to be taken. The danger of injury must be obvious. That point has been decided in this court in *Johnson* v. *Accident Co.*, 115 Mich. 86 (40 L. R. A. 440), where we said:

"The term 'voluntary exposure to unnecessary danger,' as used in an accident policy exempting the insurer from liability for injuries caused by such exposure, means a *conscious or intentional exposure, involving gross or wanton negligence on the part of the insured.*"

This is the well-established rule. *Fidelity & Casualty Co.* v. *Sittig*, 181 Ill. 111 (48 L. R. A. 359); *United States Mut. Accident Ass'n* v. *Hubbell*, 56 Ohio St. 516 (40 L. R. A. 453); *Rustin* v. *Insurance Co.*, 58 Neb. 792

(46 L. R. A. 253); *Fidelity & Casualty Co.* v. *Chambers,* 93 Va. 138 (40 L. R. A. 432); *Manufacturers' Accident Indemnity Co.* v. *Dorgan,* 58 Fed. 945 (22 L. R. A. 620); *Burkhard* v. *Insurance Co.,* 102 Pa. 262; *Champlin* v.*Assurance Co.,* 6 Lans. (N. Y.) 71; *Follis* v. *Accident Ass'n,* 94 Iowa, 435 (28 L. R. A. 78); *Schneider* v. *Insurance Co.,* 24 Wis. 28.

Plaintiff did not anticipate injury from doing what he had done before, and what others have repeatedly done. There was no obvious danger of injury. Granting that he might have stopped, we cannot say that there would not have been as much danger in trying to stop upon a slippery floor as in running against the wall. A jury would be justified in finding that the plaintiff had no anticipation of an accident, and did not realize that there was any danger. Even if he were careless, and might have avoided running against the wall, but, in doing so did not realize any danger, he was entitled to recover. The learned circuit judge was in error in directing a verdict for the defendant.

Judgment reversed, and new trial ordered.

CARPENTER, C. J., and MCALVAY, BLAIR, and MOORE, JJ., concurred.