Coös,
June 28, 1912.

OSGOOD, *Adm'x*, v. UNITED STATES HEALTH AND ACCIDENT

INSURANCE CO.

Where an accident policy stipulates that it does not insure against injuries received
while walking upon the "road-bed of any railway," the phrase quoted includes
all that part of the right of way which may be swept by moving rolling-stock,
and not merely the space covered by the rails and ties.

ASSUMPSIT, on an accident insurance policy issued to the plaintiff's decedent, Eugene L. Osgood. Trial by jury and verdict for the plaintiff. Transferred from the December term, 1911, of the superior court by *Mitchell*, J., on the defendant's exceptions to the denial of motions for a nonsuit and the direction of a verdict in its favor.

The insured was struck by a locomotive while he was walking on a path beside the track of the Grand Trunk Railway. There was evidence that he was walking outside the ends of the ties, but he must have been close to them to have been struck as he was. It was stipulated in the policy that it did not cover injuries received "while walking or being upon any bridge or road-bed of any railway."

*Harry G. Noyes* (by brief and orally), for the plaintiff.

*Edward J. Cummings* (by brief and orally), for the defendant.

PEASLEE, J. The question here is the meaning of the term "road-bed of any railway." The ruling was that this included only the space covered by the rails and ties, even though this be less than that swept by a passing car or locomotive. From an engineering standpoint, the road-bed includes all that is necessary to support the superstructure. Webster's Int. Dict.; Cent. Dict. It is manifest that this would ordinarily be much more than the mere width of such superstructure. But the question here is not one of technical terms. The expression was not used in this contract by engineers or in view of scientific undertakings. It was a part of the agreement between the insurer and the insured, whereby the former limited the risks it insured against. The test is: what did the phrase mean to these parties when so used?

The risk intended to be excepted from those insured against was that of being struck by moving cars or engines. This being so, it follows that in this contract the phrase "the road-bed of any rail-

way" means all that part of the right of way which may be swept by the moving rolling-stock. The question has been fully considered in another jurisdiction, in an opinion reviewing the authorities and elaborating the arguments here briefly summarized. *McClure* v. *Association*, 133 Ia. 224. The conclusion there reached, that the exception "was intended to have force in the event of an injury connected in its origin with the matter of train operation," is sustained by the other cases wherein the same question has been considered. *DeLoy* v. *Insurance Co.*, 171 Pa. St. 1; *Metropolitan Accident Ass'n* v. *Taylor*, 71 Ill. App. 132; *Standard Ins. Co.* v. *Langston*, 60 Ark. 381.

The fact that other people used the road-bed as the decedent used it is not material here. The question is one of contract between insurer and insured, and not of tort liability as between the injured party and those operating the moving trains. *Piper* v. *Association*, 161 Mass. 589.

*Exception sustained.*

All concurred.