Nov. Term,
1856.

CONKLIN
v.
THE STATE.

CONKLIN v. THE STATE, on the complaint of TILTON.

A complaint for surety of the peace is not necessarily bad for alternativeness arising from the use of "or" instead of "and."

The complainant may well include all his fears—for his person, property, and family—conjunctively; and the use of a disjunctive is a trivial defect which should not prejudice his rights on the merits.

Tuesday,
January 13,
1857.

APPEAL from the *White* Court of Common Pleas.

Complaint for surety of the peace made by *Tilton* against *Conklin*. Jury trial before the justice, and verdict sustaining the complaint; whereupon *Conklin* was recognized to the Common Pleas. In that Court, the defendant moved to quash for want of a sufficient affidavit. This motion was overruled, and exception taken. Trial by the Court, and *Conklin* ordered to give bail in the sum of 200 dollars.

*Conklin* appeals, relying solely on the refusal of the Court to quash, &c.

*Per Curiam.*—We think the motion to quash was correctly overruled. It is said the complaint is in the alternative; and this has often been held, with more of technical precision than sound reason, to be fatal. For it may often be that a threat is made on which a well grounded fear of meditated injury may be indulged; and yet, from the terms employed, it might be difficult to determine whether the person, or the property, or both, were in danger.

There is no doubt but that the complainant may well include all his fears of person, property, and family conjunctively. Here, it is objected that the disjunctive "or" is used. But we have repeatedly decided that "or" means "and," and *vice versa*.

We do not think this technical defect, if it be one, is of such a character as "to tend to the prejudice of the substantial rights of the defendant upon the merits." 2 R. S. pp. 368, 369. That act provides that even an indictment or information may not be quashed for trivial

defects.    Much less a complaint for surety of the
peace (1).

The judgment is affirmed with costs.

S. A. Huff, Z. Baird, and J. M. Larue, for the appellant.

(1) But see Steele v. The State, 4 Ind. R. 561; 1 Chit. Pl. 226.