*John Dumont*, for the appellants.

---◆◇---

BECKWITH *v.* THE STATE *ex rel.*, &c.

CRIMINAL LAW AND PRACTICE.—As to what will constitute a sufficient affidavit for surety of the peace, see the opinion.

APPEAL from the *Bartholomew* Circuit Court.

VOL. XXI.—15.

DAVISON, J.—This was a prosecution instituted before a justice for surety of the peace. The affidavit, upon which the prosecution is based, is in these words:

" STATE OF INDIANA, *Bartholomew* county, *sct.*
" *Isaiah Watkins* swears, as he verily believes, that he has just cause to fear, and does fear, that *William Beckwith* will injure his person by violence, and that he makes this affidavit only to secure the protection of the law, and not from anger or malice.                               ISAIAH WATKINS.
"Subscribed and sworn to before me, this 14th of *February*, 1863.                          Jos. E. MITCHELL, J. P."

The justice gave judgment against the defendant, and he appealed. In the Circuit Court the defendant moved to quash the affidavit, but his motion was overruled, and thereupon the cause was submitted to a jury, who found thus:
"We, the jury, find that *Isaiah Watkins*, the relator, has just cause for the fears expressed in his affidavit."
Motion for a new trial denied, and judgment entered in accordance with the verdict.
The affidavit, in this case, is said to be defective, because the relator does not swear positively, but as he "verily believes." The statutory form of an affidavit of this sort does not contain the words, "verily believes;" 2 G. & H. p. 643; but that form need not be literally pursued. *Id.* p. 642, sec. 31. As we construe the affidavit before us, the term, "verily believes," may be applied to its first averment, viz: "that he has just cause to fear," and that to the residue of the affidavit, the relator swears positively. Now, this construction being correct, the affidavit is, it seems to us, within the substantial requirements of the statute. *Id.* p. 640, sec. 22. It would, no doubt, be well to pursue the prescribed form; but in looking into the record, we are satisfied that the cause was

fairly tried, and that the defect in the affidavit, if it be one, was not of such a character as in any degree "to tend to the prejudice of the substantial rights of the defendant upon the merits." *Id.* p. 404; *Conklin* v. *The State*, 8 Ind. 458.

*Per Curiam.*—The judgment is affirmed, with costs.

*S. Stansifer* and *F. T. Hord*, for the appellant.

*Oscar B. Hord*, Attorney General, for the State.