The note, for the recovery of which this action was brought, was originally the sole and separate property *Page 317 
of the wife of the plaintiff's intestate, who was the mother of the defendant, and who died before her husband, the father of the defendant. The note was executed by the defendant to his mother and by her was endorsed and transferred to the defendant without her husband's knowledge or consent. If that was the defendant's only claim to the note it would avail him nothing (Walton v. Bristol, 125 N.C. 419), and it would have passed to the husband as his property upon the death of his wife, subject to the payment of her debts. But there was evidence tending to show that the note had been in (426) the possession of the plaintiff's intestate after the death of his wife; that it was afterwards seen in the hands of the defendant, and was in his hands at the time of the plaintiff's intestate's death. It is to be observed in passing, however, that there was no attempt made by the defendant to show how he got possession from his father. Anyway, the defendant asked the Court to instruct the jury that, "If the jury find that the note in controversy was in possession of Darius Edwards at any time after the death of Sarah F. Edwards, and prior to October, 1896, and that afterwards it was in possession of the defendant, from October, 1896, until the commencement of this action, the law presumes that such possession was lawful and that he is the owner thereof, and the burden is upon the plaintiff to satisfy the jury upon preponderance of the testimony, that such possession is not lawful, and unless the plaintiff so satisfies the jury, you must answer the first issue `No.'"
The prayer was refused and therein there was error. Jackson v. Love,82 N.C. 405; Causey v. Snow, 120 N.C. 279.
New Trial.
DOUGLAS, J., concurs in result.