ESTATE OF GILBERT.

*January 10—April 30, 1918.*

*Gifts: Parent and child: Evidence: Transactions with decedents: Competency of witnesses: Bills and notes: Residence of maker out of state: Limitation of actions.*

1. A finding by the circuit court to the effect that decedent had, prior to his death, made a gift to his son (since deceased) of certain notes executed by the son to his father, is *held* to be sustained by the evidence, which, among other things, shows that no confidential relation other than that of father and son existed between them.

2. The parties adverse to the son's estate having called a witness to testify to a conversation with the son and having proved by him declarations of the son to the effect that he got the notes in

question from his father, such testimony was not incompetent under sec. 4069, Stats.; and a part of the conversation between the witness and the son having been thus elicited, those representing the son's estate were entitled to show the whole of it. *Hilton v. Rahr,* 161 Wis. 619, distinguished.

3. Promissory notes, from and after the execution of which the maker resided in Minnesota and the payee in Wisconsin, were governed by sec. 4231, Stats., and were not barred by the statute of limitations.

APPEAL from a judgment of the circuit court for Columbia county: CHESTER A. FOWLER, Circuit Judge. *Affirmed.*

This matter was brought in the county court on application for partial distribution of the estate of Warren Gilbert, deceased. It was held there that notes of A. C. Gilbert, hereinafter mentioned, should be set off against his interest in his father's estate, and judgment was rendered accordingly.

Appeal was taken to the circuit court from the judgment of the county court by *Helen Gilbert,* as administratrix of A. C. Gilbert, deceased, and by his heirs.

Warren Gilbert, who died August 28, 1914, was for many years prior to his death a resident of Columbia county, Wisconsin. He left a large amount of real and personal property. His wife predeceased him and he lived with his son Eugene on his farm homestead. He was the father of five sons: A. C., Charles L., Eugene, James W., and George. During his lifetime he loaned large sums of money to his sons at different times, loans being evidenced by notes. On and between October, 1892, and September, 1906, A. C. Gilbert executed and delivered to his father twenty-four notes aggregating $40,567.69. After the execution of these notes Warren Gilbert resided in Wisconsin and A. C. Gilbert in Minnesota. A. C. Gilbert died prior to the trial in county court.

The notes in question with other papers were kept in an unlocked safe in the home of Eugene Gilbert. A grandchild

of Warren Gilbert exercised control over this safe.  There was a book in the safe containing a list of these notes.  The notes were in the safe on January 14 and 15, 1914, and on the 19th were not there.  On the trial in the court below the appellants offered evidence to the effect that in June or July, 1915, A. C. Gilbert was present when the inventory of his father's estate was being prepared.  One of the appraisers asked A. C. Gilbert regarding his notes to his father, and he stated that he and his brother Eugene got their notes from their father in January and that the notes were destroyed.

The appellants then rested their case, and the representative of A. C. Gilbert, electing to stand upon the proof as made, moved for findings and judgment denying the relief sought and reversing the decree of the county court.

The appellants moved to strike out that portion of the evidence as to the declaration of A. C. Gilbert that he got the notes from his father, which was denied.

The court below held that there was a gift of the notes by the father to his son.  Judgment was entered accordingly, from which this appeal was taken by *H. S. Hendrickson,* as administrator of Warren Gilbert, deceased, by *Leila Dalton, Florence Gilbert,* and Chester A. Gilbert, and by four others known as the *Spooner* minors.

*H. E. Andrews* of Portage, attorney for the appellant *H. S. Hendrickson* as administrator, and *Grady & Farnsworth* of Portage, attorneys for the appellants *Leila Dalton* and *Florence Gilbert,* joined in briefs for said appellants; and there was oral argument by *Mr. Daniel H. Grady* and *Mr. Andrews.*

For the appellants the *Spooner* minors there was a brief by *Harlan B. Rogers* of Portage, guardian *ad litem.*

*J. E. Haycraft* of Fairmont, Minnesota, and *Bogue & Sanderson* of Portage, for the respondents *Helen Gilbert,* administratrix of the estate of A. C. Gilbert, and others.

The following opinion was filed February 5, 1918:

KERWIN, J.    The court below found that on January 14, 1914, Warren Gilbert, deceased, had in his possession the notes in question made by A. C. Gilbert payable to him; that on said day Warren Gilbert delivered said notes to said A. C. Gilbert, and that at said time said Warren Gilbert was mentally competent; that said Warren Gilbert at said time intended to and did make a gift of said notes to his son A. C. Gilbert; that A. C. Gilbert has been a resident of Minnesota since the execution of said notes, and that said Warren Gilbert was a resident of the state of Wisconsin from the time of the execution of said notes; and concluded as matter of law that at the time of the death of Warren Gilbert there was nothing owing by A. C. Gilbert to Warren Gilbert on account of said notes.

On the part of appellants it is contended that there was not sufficient competent evidence to support the finding to the effect that said Warren Gilbert made a gift of said notes to A. C. Gilbert; that said notes were not barred by the statutes of limitation.

On the part of respondents it is insisted that the evidence was sufficient to support a gift of said notes to A. C. Gilbert, and further that the notes were barred by the statutes of limitation.

The assignment of errors raises the questions (1) whether the court erred in refusing to strike out evidence relating to the gift, (2) in finding that Warren Gilbert delivered the notes to A. C. Gilbert intending to make a gift, and (3) in concluding that nothing was owing by A. C. Gilbert to Warren Gilbert on said notes.

It is clear that if the findings of fact of the court below are supported by the evidence the judgment is right and must be affirmed.

It is insisted by appellants that the evidence of one Bros-

sard, relative to how A. C. Gilbert got the notes, was incompetent and should have been stricken out, and further, that even if this evidence be not stricken there is not sufficient evidence in the case to support the finding of a gift of the notes to A. C. Gilbert.

The argument on the point of competency of the evidence of Brossard is that it related to a transaction with deceased, Warren Gilbert, through whom A. C. Gilbert claimed, and hence was not admissible, and that the statements of A. C. Gilbert to Brossard were self-serving declarations and not competent.    Counsel relies upon sec. 4069, Stats., relating to transactions with a deceased person, and *Hilton v. Rahr,* 161 Wis. 619, 155 N. W. 116.    The infirmity in the argument of counsel on this point is apparent.    The appellants put Brossard on the stand in making their case and by him proved declarations of A. C. Gilbert to the effect that he got the notes in question from his father.    The witness was put upon the stand by appellants to prove a conversation with A. C. Gilbert, and, having testified to a part of the conversation, the respondents were entitled to the whole conversation. Sec. 4069, Stats.; *Yeska v. Swendrzynski,* 133 Wis. 475, 113 N. W. 959; *Earley v. Winn,* 129 Wis. 291, 109 N. W. 633; *Fertig v. State,* 100 Wis. 301, 75 N. W. 960; *Smith v. Milwaukee E. R. & L. Co.* 127 Wis. 253, 106 N. W. 829; 16 Cyc. 1041.

The case of *Hilton v. Rahr, supra,* is not in point, as will clearly appear from an examination of that case and *Maldaner v. Smith,* 102 Wis. 30, 78 N. W. 140.

We are convinced that the evidence to the effect that A. C. Gilbert got the notes from his father was competent.

The conclusion of the court below upon the record is clearly shown from the following statement at the close of the evidence:

"It is plain, as I said before, that A. C. Gilbert got possession of these notes at that time, and there is nothing to

show that he got them wrongfully or that there was any insanity on the part of Warren Gilbert. I cannot presume any wrongful conduct. I am perfectly willing you should show Mr. Warren Gilbert's state of mind at that time. If he was not competent, why, of course, your position is well taken. If he was competent to make a gift, and I must presume he was, then the gift is made."

It appears from the record that no confidential relation other than father and son existed between A. C. Gilbert and his father; that A. C. Gilbert did not represent his father in any confidential or fiduciary capacity; that Warren Gilbert was a man of wealth and had taken notes from other sons for large amounts, which notes were, at the time proceedings were heard in county court, barred by the statutes of limitation; that the father was well advanced in years, and that the delivery of the notes to A. C. Gilbert was about seven months before his death. The deceased, Warren Gilbert, must have known that his demise was not far distant when A. C. Gilbert got the notes.

A contention is made by respondents that the notes of A. C. Gilbert were barred by the statutes of limitation though he resided in Minnesota. This contention is denied by appellants, and interesting and able arguments are made by both parties upon the proposition. In the view we take of the case it is not necessary to decide, and we do not decide, whether the notes of A. C. Gilbert were barred by the statutes of limitation.

Under the repeated decisions of this court the findings below cannot be disturbed unless clearly wrong. *Mechanical A. Co. v. A. Kieckhefer E. Co.* 164 Wis. 65, 159 N. W. 557. Many cases are cited by counsel for appellants from this and other courts which it is claimed sustain their contentions. But we are satisfied that the cases cited from this court are distinguishable from the case at bar. Some are cases where the incompetency of the donor was involved; others where fraud, undue influence, overreaching of the donor, and un-

fair and unnatural distribution were involved; and still others the sufficiency of proof, and confidential business relations.    Most, if not all, cases from other jurisdictions may be classified under substantially the same heads.

The findings here are supported by abundance of evidence, and the judgment upon such findings and established facts is clearly right.    *Killops v. Stephens,* 66 Wis. 571, 29 N. W. 390; Thornton, Gifts & Adv. secs. 248, 250, 251, 255, 262; *Jenning v. Rohde,* 99 Minn. 335, 109 N. W. 597; *Lewis v. Merritt,* 113 N. Y. 386, 21 N. E. 141; *Vann v. Edwards,* 128 N. C. 425, 39 S. E. 66; 6 Ency. of Ev. 227 and cases cited.

*By the Court.*—Judgment affirmed.


The following opinion was filed April 30, 1918:


KERWIN, J.    A motion for rehearing was made in this case, and we are asked to decide whether the notes of A. C. Gilbert to his father, Warren Gilbert, and referred to in the original opinion in this court, were barred by the statute of limitation.    This question was not decided on the former hearing because not necessary, since we held that such notes delivered by Warren Gilbert, during his lifetime, to A. C. Gilbert were a gift to A. C. Gilbert, therefore did not constitute a claim against A. C. Gilbert.

It appears that the question becomes material on settlement of the estate on the question of transfer tax, therefore we are asked to decide it.    The last note was dated September 14, 1906, and fell due September 14, 1907, hence was not outlawed even if A. C. Gilbert were a resident of Wisconsin.    But more than six years had elapsed from the time the cause of action accrued upon all the other notes, hence they were barred by the statute of limitation unless the residence of A. C. Gilbert in Minnesota saved them.    Warren Gilbert had resided in Wisconsin for more than fifty years

before his death and A. C. Gilbert had resided in Minnesota for more than twenty years before Warren Gilbert died.

Sec. 4231, Stats., provides:

"If when the cause of action shall accrue against any person he shall be out of this state such action may be commenced within the terms herein respectively limited after such person shall return or remove to this state."

This section clearly applies to a nonresident, and where a nonresident is in the state only temporarily and less in the aggregate than the statutory period after the cause of action accrues he cannot avail himself of the statute.    *Whitcomb v. Keator,* 59 Wis. 609, 18 N. W. 469.

If a party in whose favor a cause of action accrues is a resident of the state at the time of the accrual of the cause of action and the debtor is a nonresident, the statute does not run in favor of the nonresident while he continues to reside out of the state.    *Nat. Bank v. Davis,* 100 Wis. 240, 75 N. W. 1005.

We think the statute above referred to, sec. 4231, controls this case, hence the notes were not barred by the statute of limitation.    *State v. Nat. Acc. Soc.* 103 Wis. 208, 79 N. W. 220; *Adkins v. Loucks,* 107 Wis. 587, 83 N. W. 934; *Arp v. Allis-Chalmers Co.* 130 Wis. 454, 110 N. W. 386.

It follows that the notes were a valid subsisting obligation at the time they were surrendered to A. C. Gilbert.

*By the Court.*—The motion for rehearing is denied, without costs.