## TRAVELERS' PROTECTIVE ASSOCIATION *v.* JONES.

[No. 10,388. Filed June 15, 1920. Rehearing denied December 15, 1920. Transfer denied February 3, 1921.]

1. INSURANCE.—*Accident Insurance.—Construction of Policy.— "Voluntary".—"Unnecessary".*—In a provision in the constitution of an accident insurance company exempting the insurer from liability for injuries resulting from "voluntary or unnecessary" exposure to danger, etc., "voluntary" signifies doing something as the result of choosing, while "unnecessary" includes risks which may or may not result from choosing, so that the two adjectives do not express similar qualities or attributes, and the conjunction "or" cannot be construed as coordinating. p. 33.

2. INSURANCE.—*Contract.—Construction.—Presumption.*—Each word, phrase, clause and sentence in an insurance contract is supposed to have been used for some definite purpose, and as having some force and meaning when the interpretation of the contract becomes necessary. p. 35.

3. INSURANCE.—*Ambiguous Policy.—Construction.*—Where the language used in an insurance policy is ambiguous, that construction most favorable to the insured will be adopted, since the policy is drawn by the insurer and for that reason is not regarded as an ordinary contract. p. 35.

4. INSURANCE.—*Accident Insurance.—Construction of Policy.— Exemption From Liability.*—A clause in the constitution of an accident insurance association exempting insurer from liability for injury resulting from "voluntary or unnecessary exposure to danger or too obvious risk of injury," *held* to exclude liability for injury resulting from voluntary and unnecessary exposure to danger which is a too obvious risk of injury, "or" following "voluntary" being used as the equivalent of "and" and as the equivalent of "to wit" or "that is to say" where it occurs after "danger" in the quoted clause. p. 36.

5. INSURANCE.—*Accident Insurance.—Construction of Policy.— "Voluntary or Unnecessary Exposure to Danger".*—Under an accident insurance policy exempting insurer from liability for injury resulting from voluntary and unnecessary exposure to danger which is a too obvious risk of injury,—a too obvious risk of injury, within the terms of the policy, is one to which, under the circumstances of the case, a reasonably prudent man would not have voluntarily exposed himself. p. 37.

6. INSURANCE.—*Accident Insurance.—Action on Policy.—Jury Questions.*—In an action on an accident insurance policy exempting insurer from liability for injury resulting from volun-

Travelers' Protective Assn. *v.* Jones—75 Ind. App. 29.

tary and unnecessary exposure to danger which is a too obvious risk of injury, whether insured voluntarily and unnecessarily exposed himself to such a danger as would defeat a recovery of benefits was a question of fact for the jury. p. 37.

7. APPEAL.—*Review.*—*Instructions.*—*Harmless Error.*—Appellant insurer cannot complain of an instruction which, though not an accurate statement of the rights and duties of the parties under the insurance contract involved, was more favorable to it than it had a right to demand. p. 38.

8. APPEAL.—*Review.*—*Instructions.*—*Refusal.*—*Invading Province of Jury.*—It was proper for the trial court to refuse an instruction which, under the facts of the case, would have been an invasion of the province of the jury. p. 38.

From Putnam Circuit Court; *James P. Hughes,* Judge.

Action by Thomas O. Jones against the Travelers Protective Association. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*McNutt, Wallace, Harris & Randel,* for appellant.

*Hays & Murphy, Sol H. Esarey, Ward H. Watson* and *James E. Watson,* for appellee.

ENLOE, P. J.—On June 25, 1915, one James T. Jones was struck and killed by a freight train, at Clinton, Ohio. He was, at the time of his death, a beneficial member in good standing in the appellant association. His certificate of membership in said association provided for the payment by said association, subject to certain limitations, of certain named definite sums to the beneficiary named in said certificate, in case of the death by accident of said member. The appellee herein, a brother of said member, was his named beneficiary. It was provided in said certificate of membership that:

"This certificate, the Constitution, By Laws, and Articles of Incorporation of said Association, and application for membership, signed by said member, and all amendments thereto shall constitute the agreement between said association and said member."

The complaint was in one paragraph, to which answer was filed in five paragraphs, the first being a general denial, the second, which is the only one necessary to be noticed in determining this appeal, setting up the provisions of §2 of the constitution of said association, which provision, so far as applicable to this case, was as follows, to wit:

"This association shall not be liable for  *  *-  * injury causing death or disability resulting from  *  *  * voluntary or unnecessary exposure to danger or too obvious risk of injury; or  *  *  *"

alleged that the deceased "voluntarily and unnecessarily exposed himself to the danger of being run over by trains; and voluntarily and unnecessarily exposed himself to the obvious risk of being injured and killed by moving trains," and that "Decedent's death occurred by reason of said voluntary and unnecessary exposure to danger by going onto said track, and because of the voluntary and unnecessary exposure to too obvious risk of injury by going onto said railroad track at and prior to the time he was injured and killed."

There is no material conflict as regards the controlling facts of this case. The depot of the Pennsylvania Railroad, the tracks of which are also through said town used by the Baltimore and Ohio Railroad, is situated west of the canal, and in the extreme west part of the town of Clinton, Ohio. The street leading from the town to said depot crosses said railroad tracks about 350 feet north of said depot. On the easterly side of said tracks and between the right of way of said railroad and the canal are private grounds, on which are situated several buildings. Between the property line fence on the east of said track and the easterly or northbound track of said railroad there was a foot or cinder path from four to six feet wide. There was no regular sidewalk leading from said public highway south to said

depot, and the public, going to and from said depot on foot, used both said cinder path and said railroad tracks and the space between said tracks as ways of passage, and had so used them for many years prior to June 25, 1915.   There was an open roadway leading south from said highway crossing, west of said railroad tracks, to the depot, but there is no evidence that there was any sidewalk or foot-path along the same for the use of pedestrians.

Shortly before six o'clock on the evening of the day of the accident the deceased had come from the town of Clinton, using the east and west highway until he came to the highway crossing of said railroad.   Here he stopped for a few moments and engaged in some conversation, and then started south towards the depot. Whether he started south on said cinder path lying along the east side of said tracks or started down said tracks, walking between the rails of said southbound track, is not quite clear, but just before he reached the board crossing leading from the north end of the depot eastwardly across the tracks to a platform on the east of said tracks, and while walking between the rails of the southbound track, he was struck by a rapidly moving southbound freight train and killed.   He had, earlier in the day, made inquiries as to the time at which he could get a passenger train north on said road, and had been informed that he could get such train at about six o'clock, and he was, presumably, on his way to said depot to take passage on said northbound train.

There was a trial by jury, which returned its verdict in favor of appellee, upon which the court rendered judgment.   It also returned its answers to interrogatories submitted to it.

After the return of the verdict appellant moved for judgment in its favor upon the answers to interrogatories, which motion was by the court overruled.   It

Travelers' Protective Assn. *v.* Jones—75 Ind. App. 29.

then filed its motion for a new trial, which being also overruled, it prosecutes this appeal, and has assigned as error: (1) The overruling of said motion for a new trial; (2) the overruling of its motion for judgment in its favor upon the answers to said interrogatories.

The first ground urged for a reversal of this case is that the verdict is not sustained by sufficient evidence. The appellant insists that the evidence in the case shows without conflict or dispute that at the time deceased met his death he was doing an act which placed him, for the time being and as to the injury received, *without* the provisions of his contract, and that by reason thereof there is no liability upon the certificate in question. It relies upon that provision contained in §2 of the constitution of said association, pleaded by it in its said second paragraph of answer, and hereinbefore set out.

The foregoing clause may be so read as to exempt the association from liability for injury causing the death or disability resulting from:   (1) Voluntary exposure to danger; or (2) unnecessary exposure to danger; or (3) voluntary *and* unnecessary exposure to danger; or (4) voluntary exposure to danger or too obvious risk of injury; or (5) unnecessary exposure to danger or too obvious risk of injury; or (6) voluntary *and* unnecessary exposure to danger or too obvious risk of injury; or (7) voluntary *and* unnecessary exposure to danger, being (a) too obvious risk of injury.

"Voluntary" and "unnecessary" are each adjectives, and as used modify "exposure." They do not express similar qualities or attributes, but each involves and carries with it an idea entirely separate and distinct from the other. They are not similar attributives, such as the words "hidden" and "concealed," and cannot be so construed, and the conjunction "or," as used above, cannot be construed as co-ordinat-

ing. See Century Dict. "or." The word "voluntary" as applied to an act signifies something done as the result of a *choosing*, of a *judgment pronounced*, however imperfect or immature the same may be. The word "voluntary" is broad enough to include the doing of things which may be either *necessary* or *unnecessary*, while the word "unnecessary," as an adjective, may include the doing of things where the exercise of the will is in no way involved, where there was no *choosing*, as there is in voluntary acts. There is therefore, if we read the conjunction "or" as co-ordinative, an overlapping of conditions which leads to uncertainty and confusion as to what was meant by the language used.

When we consider the latter part of said clause and endeavor to arrive at its true meaning, we are again met with doubt and uncertainty. The first part of said clause, if given a literal interpretation, would relieve from liability for exposure to *any* danger. There is up to this point no word or words in any way limiting or qualifying the danger, exposure to which will place the insured outside the protection of his policy; and it is therefore necessary that we shall consider the latter part of said clause, "or too obvious risk of injury," and endeavor to discover, if possible, its relation to, or effect, if any, upon the preceding part of said clause.

Counsel for appellant in their brief herein say: "Our courts hold that it was not intended by the latter expression to include mere acts of negligence, that is inadvertent acts or omissions of the insured. Suicide is self-inflicted injury, with the purpose of producing death. There must be, therefore, somewhere between these two extremes a kind of exposure to danger which this and like policies are intended to provide against."

We concur in these statements, and it is our duty to so read said policy, if the same can be reasonably done, as to determine with reasonable certainty the kind of

exposure to danger, by the insured, which will place him *without* the terms of his said certificate, as expressed in said constitution of appellant.

If the expression, "or too obvious risk of injury," was intended to be *co-ordinate* with "exposure to danger," then the use of these words was entirely

2.  unnecessary. The general words already used had covered the same ground, and insured was already excluded from any protection under his said certificate. It would be the same in effect, so far as the construction thereof is concerned, as if said clause had read: This association shall not be liable for any accidental injuries sustained by the insured while riding as a passenger upon any train, *or while riding in any day coach upon any such train.* Each and every word, phrase, clause, and sentence in a contract is supposed to have been used for a certain and definite purpose, and as having some force and meaning where the interpretation of said contract becomes necessary.

The first part of the above supposed clause would exclude the insured from any benefits for any injury received by him while riding as a passenger upon any train, whether at the time he received such injury he was riding in the day coach, smoking car, or in the parlor car, and to give to the word "or" in the above clause its disjunctive force is to render the latter clause entirely superfluous, the ground covered by it having been already covered.

It was said in *Cottingham* v. *Nat. Church Ins. Co.* (1919), 290 Ill. 26, 124 N. E. 822, that: "An insurance contract is to be interpreted and construed by

3.  the same rules as other mercantile contracts, and the principles governing such interpretation and construction do not differ from those controlling in other contracts, but where the insurance company leaves its design or meaning doubtful by the use of language that

is not clear, courts adopt a construction most favorable to the insured."

An insurance policy is not regarded as an ordinary contract, because it is drawn by the insurer, and, where the language of the policy is ambiguous, that construction will be adopted, which is most favorable to the insured. *Maxwell* v. *Springfield, etc., Ins. Co.* (1920), 73 Ind. App. 251, 125 N. E. 645.

The word "or" in statutes, by-laws, ordinances and wills is frequently read "and," and will be so read and given a conjunctive rather than a disjunctive

4. meaning, where to give it such conjunctive meaning will make the intention clear, definite, and certain, while the disjunctive use of said word would lead to doubt and uncertainty as to the true meaning of the language used. *Conklin* v. *State* (1856), 8 Ind. 458; *O'Connell* y. *Gillespie* (1861), 17 Ind. 459; *Shimer* v. *Mann* (1885), 99 Ind. 190, 50 Am. Rep. 82. See, also, 6 Words and Phrases 5002-5015.

The word "or" is also used equivalent of "being." *People* v. *Third Nat. Bank* (1899), 159 N. Y. 382, 54 N. E. 35. It is also used as the equivalent of "to wit." *Downs* v. *Allen* (1885), 22 Fed. 805; *Blumenthal* v. *Berkshire Life Ins. Co.* (1903), 134 Mich. 216, 96 N. W. 17, 104 Am. St. 604. It is also used as the equivalent of "that is to say," and gives that which precedes it the same signification as that which follows it. *People, ex rel.* v. *Latham* (1903), 203 Ill. 9, 67 N. E. 403.

In the light of these authorities the clause in §2 of the constitution of appellant association should be read as though it were as follows: This association shall not be liable for * * * injury causing death or disability resulting from * * * voluntary *and* unnecessary exposure to danger, that is to say, voluntary and

unnecessary exposure to danger which is (a) too obvious risk of injury.

This reading will make the clause of appellant's constitution definite and certain. It will definitely fix the limits thereof as to nonliability. It does what counsel in their brief suggest, viz., it determines the kind of exposure to danger which this and like policies are intended to provide against, so that the insured may fairly know when he is within and when without the terms of his said contract.

That the deceased, in going upon and walking upon the railroad track at the time and place he did, voluntarily and unnecessarily exposed himself to danger may be conceded. Every person who voluntarily goes upon a railroad track to walk thereon voluntarily exposes himself to danger; but the important question in this case is, Was the danger to which decedent exposed himself a *too obvious* risk of injury? Was it a danger to which, under the circumstances of this case, as disclosed by the record, a reasonably prudent man would not have exposed himself? Was the risk of injury so obvious that a reasonably prudent man, at the time and under the circumstances surrounding the decedent, would not have voluntarily encountered the risk? If it was, then the decedent at the time he received said injury, was doing an act which placed him without the terms of his contract, and there is no liability in this case.

Whether the decedent voluntarily and unnecessarily exposed himself to such a danger as would exclude him or his beneficiary, in case of accident, from benefits under said clause, *supra,* i.e., whether the danger to which the deceased exposed himself was so obvious that no reasonably prudent man would have exposed himself thereto, was a question of fact for the jury, and the verdict is amply supported by the evidence.

Complaint is also made of instruction No. 3 given by the court to the jury at the request of the appellee. This instruction, while not an accurate statement of the rights and duties of the parties under said contract of insurance, was more favorable to the appellant than it had a right to demand. It could not have been injured thereby, and its giving did not constitute reversible error.

Complaint is also made of the refusal of the court to give instruction No. 4, requested by appellant. The court did not err in refusing to give said instruction. It, under the facts of this case, would have been an invasion of the province of the jury to have given said instruction.

Finally, appellant insists that the answers returned by the jury are in irreconcilable conflict with the general verdict, and its motion for judgment in its favor thereon should have been sustained. It is insisted that the answers show that there was no necessity for the deceased to go upon the tracks to reach the station, and that he went upon said tracks voluntarily, and unnecessarily exposed himself to the danger which resulted in his death, and therefore they show a complete defense to this action.

What we have heretofore said in this opinion disposes of this contention also. The court did not err in refusing to enter judgment in favor of appellant, upon the said answers to interrogatories.

Upon this record there can be no doubt as to a correct result having been reached. No reversible error has been presented, and the judgment is therefore affirmed.