VINOGRAD, Appellant, vs. TRAVELERS PROTECTIVE ASSOCIATION OF AMERICA, Respondent.

*January 11—February 5, 1935.*

*Joseph A. Padway,* attorney, and *Nora B. Padway* of counsel, both of Milwaukee, for the appellant.

For the respondent there was a brief by *J. Elmer Lehr,* attorney, and *Morris P. Phillips* and *Lehr & Treis* of counsel, all of Milwaukee, and oral argument by *J. Elmer Lehr.*

FOWLER, J.   The action is brought by the beneficiary named in a certificate of membership in the defendant association to recover $5,000 for the death of the member through accident.   The defendant is incorporated and duly licensed under the laws of Missouri as a fraternal beneficiary association.   The association has a "lodge system with ritualistic form of work."   The face of the certificate recites that the assured is entitled to such benefits as may be provided in and by the constitution and by-laws of the association in force at the time the accident occurs upon which the claim is based; that the constitution and by-laws and the application of the member, and all amendments thereto, constitute the agreement and govern the payment of benefits, and that changes, additions, or amendments to the constitution or by-laws bind the member, and govern the contract as if incorporated in the constitution at the time of the application.   On the back of the policy is the schedule of payments to be made for the injuries and disabilities therein specified, in connection with which is a recital that the benefits scheduled will be paid, subject to the exceptions and limitations of the constitution and amendments thereto, whenever the member shall receive, through external, violent, and accidental means, an injury which shall cause death or disability, and that the payment shall be "$5,000 if [the member is] killed by accident."   This is a part of the contract, and the only part of it containing any particulars of the coverage.

The member was killed when an automobile which he was driving was struck by a railroad train at a highway crossing.

The constitution of the defendant in force at the time provided that the defendant should not be liable when the member commits suicide; when the injuries for which recovery is sought are self-inflicted; or when the injuries for which recovery is sought are the "result of voluntary or unnecessary exposure to danger or to obvious risk of injury." The defendant at the trial contended, as its requests for findings show, that the injuries resulting in the death were caused by the gross negligence of the member; that the member committed suicide; that his injuries were intentionally inflicted; and that the exposure resulting in death was made with conscious knowledge of the risk and danger assumed in attempting to cross the railroad track ahead of an approaching train.

The case was tried to the court without a jury. The court refused to make any of the findings requested by the defendant above noted, but found, (1) that the acts of the member "constituted negligence on his part, which proximately caused his death," and (2) that "the death . . . was the result of unnecessary exposure to danger and from [to] obvious risk of injury." The latter finding as first written was that the conduct of the member "constituted and was a voluntary exposure to danger on his part; that [exposure to] such danger was unnecessary, and that the risk to him at said time was obvious." This was changed by the court to read as in (2) above quoted because it was considered equivalent to a finding of gross negligence, which was contrary to the court's written decision and its intention. It seems plain from the above that the court by the findings (1) and (2) quoted intended to and in effect did find that the member's death was not suicide; that the injuries resulting in death were not voluntarily inflicted; that the member's conduct did not constitute gross negligence; and that the member's conduct did constitute only ordinary negligence, or its equivalent, a want of ordinary care, that proximately resulted in his death. The

court concluded that upon these findings the defendant was entitled to dismissal of the complaint, and judgment was entered accordingly.

Whether the trial court's disposition of the case was correct obviously depends on the construction to be given to the excepting clause above stated exempting the defendant from liability when the injuries for which recovery is sought "are the result of voluntary or unnecessary exposure to danger or to obvious risk of injury." The trial court construed the phrase "voluntary or unnecessary" literally, as disjunctive, and as meaning that injury received as a result of exposure to danger or to obvious risk of injury was excluded if either voluntarily or unnecessarily sustained. This clause was construed in *Irwin v. Phœnix Accident &. Sick Benefit Asso.* 127 Mich. 630, 86 N. W. 1036, and *Travelers' Protective Asso. v. Jones,* 75 Ind. App. 29, 127 N. E. 783, as meaning that the exposure must be both voluntary and unnecessary in order to exclude from recovery injuries accidentally sustained. These are the only two cases passing upon the point whether "or" should be construed as "and." Their construction at first blush seems like taking an unwarranted liberty with language. But upon reflection it appears necessary in order to give to the certificate the effect it purports to have by the schedule upon its back which is a part of the contract, and to prevent it from operating as a fraud upon the member. The construction to be given to the phrase to render the contract between the member and the defendant fair and honest as distinguished from deceitful and fraudulent, is to construe it as meaning voluntary and unnecessary exposure to danger or to obvious risk of injury. This construction is necessary to cover the case of one who voluntarily subjects himself to risk of injury in order to rescue another from danger, as when one goes in front of an approaching railroad train to rescue a child. The exposure in such case would be voluntary,

but not unnecessary, as it would be necessary in order to rescue the child. Literal or disjunctive construction of the phrase would result in denial of recovery, as the action in effort to save life would be voluntary. In such case to warrant recovery the clause would have to be construed as meaning that the exposure must be both voluntary and unnecessary. That the contract does not contemplate excluding cases of attempt to rescue from danger to life is indicated by another exempting clause in the constitution of the defendant, "when the result of voluntary over-exertion, unless in a humane effort to save human life." And it may be suggested that in construing the clause the word "unnecessary" cannot be given a literal meaning, or it would defeat nearly every case of accidental injury. It is seldom indeed that it is necessary that one receive an injury through accident. It is seldom that it is necessary that an injured person do the particular thing that results in an accidental injury to him. He could ordinarily have avoided the injury by doing otherwise than he did, and no necessity compelled him to do as he did. The same may be said as to the phrase "voluntary or unnecessary." With the icy condition prevalent in Madison the day this is written, a person cannot walk down the capitol steps or upon a sidewalk of the city, or drive an automobile, or enter one being driven on the city streets, without exposing himself to danger. Any such exposure is voluntary. Under a literal construction of the phrase "voluntary or unnecessary," recovery would be denied a member of the defendant if he received an injury through doing one of the things mentioned. Thus reasonable construction must be resorted to, to prevent defeat of claims manifestly falling within a class of accidental injuries that the contract was plainly intended to cover. The same reason that requires a non-literal construction of the word "unnecessary," requires a like construction to prevent like result by considering the phrase "voluntary or un-

necessary" as being conjunctive instead of disjunctive. The words "or" and "and" in a contract "should be construed in a copulative and not in a disjunctive sense, when necessary to the spirit and intent of the document." *Attorney General v. West Wis. R. Co.* 36 Wis. 466, 486.

The decision of the trial court was influenced by the opinion of this court in *Shevlin v. American Mutual Accident Asso.* 94 Wis. 180, 68 N. W. 866. It is true that language used in the opinion of that case, if applicable to the instant case, warrants the decision made. But the language of an opinion must be considered in connection with the particular facts involved. Applying language pertinent to one state of facts to a different state of facts is seldom warranted. Two facts of the *Shevlin Case* were widely different from those here involved. The language of the policy there involved was "exposure to unnecessary danger," and the assured was held by the court to have been guilty of gross negligence. Here the comparative expression is "voluntary or unnecessary" exposure, and the negligence involved is not gross but ordinary. It is said in the *Shevlin Case* that the language of the policy there involved "includes all cases of exposure to unnecessary danger where such exposure is attributable to [ordinary] negligence . . . of the assured," and that the language of the policy "can hardly be said to admit of two constructions, so as to invoke application of the rule that the construction should be adopted most favorable to the assured." After the court had said on page 183 of the opinion : "Clearly, the act [involved in the case] of jumping from the top or the side of a rapidly-moving freight car, without any reasonable cause therefor, on a dark night, constitutes more than ordinary negligence; it is an act of gross negligence," there was neither necessity nor occasion for saying that the policy excluded exposure through ordinary negligence. And if the language involved in that case, which did not contain

the word "voluntary," was not subject to construction, that here used, involving the use of the word "voluntary" in immediate connection with the word "unnecessary," warrants a construction consistent with including accidental injuries which in common honesty it was intended to cover rather than one inconsistent with including such injuries.

The field for construction being open, it is a familiar rule that in insurance contracts the construction most favorable to the assured will be adopted. *Bakalars v. Continental Casualty Co.* 141 Wis. 43, 122 N. W. 721. The trial court also relied on the cases of *Sargent v. Central Accident Ins. Co.* 112 Wis. 29, 87 N. W. 796, and *Bakalars v. Continental Casualty Co., supra,* as sustaining his position. The latter case involved the exempting phrase "voluntary exposure to unnecessary danger or obvious risk of injury," and is not in point unless the phrase herein involved be construed as meaning the same as the one there involved, and under that construction it supports recovery herein. The *Sargent Case* involved the phrase "unnecessary exposure to danger." The act involved was pulling a loaded gun through a fence, with a hand over the muzzle, with the result that the gun discharged and the hand was injured. The court said of this act: "Such exposure is of itself negligence of the most obviously inexcusable kind; not the conduct which the uniform experience of mankind teaches may be expected from the man of ordinary prudence." This language seems to imply gross, rather than ordinary, negligence. But whatever be the implication from the statement quoted, the language of the exempting clause did not have the word "voluntary" used in connection with the word "unnecessary," which we have in the instant case.

Counsel have cited to us a multitude of cases deemed by them to support their respective contentions. All of these have been examined with a view to discover the precise terms of the exempting clauses involved. All of these cases except three involve clauses in substance and effect excluding injuries received either through "unnecessary exposure to dan-

ger" or through "voluntary exposure to unnecessary danger."
Part of the cases involving the phrase "exposure to unneces-
sary danger" hold that ordinary negligence on the part of the
assured excludes recovery, and part hold that it does not.
But, as we construe the exempting clause here involved to re-
quire an exposure that excludes recovery to be both voluntary
and unnecessary, those cases are beside the point upon which
the instant case turns. And as we interpret the findings of
fact of the trial judge to mean that the assured's exposure to
danger was not voluntary, the other cases are also not in
point. The only case involving the phrase "voluntary or un-
necessary" besides the two above cited construing "or" as
conjunctive, is *Hunt v. U. S. Accident Asso.* 146 Mich. 521,
109 N. W. 1042. While the opinion in that case does not
expressly pass upon the point whether "or" in the phrase
should be construed as "and," it treats the phrase "voluntary
or unnecessary exposure to danger" as if it read "voluntary
exposure to unnecessary danger," and quotes from its own
former decision in *Johnson v. London Guarantee & Accident
Co.* 115 Mich. 86, 72 N. W. 1115 : "The term 'voluntary ex-
posure to unnecessary danger,' as used in an accident insur-
ance policy exempting the insurer from liability for injuries
caused by such exposure, means a conscious or intentional
exposure, involving gross or wanton negligence on the part·
of the insured," and cites many cases as supporting the state-
ment. It is to be noted in this connection that counsel for
the defendant requested the trial court to find that the ex-
posure that resulted in the member's death was made with
"conscious knowledge of the risk and danger" assumed. The
refusal so to find is equivalent, under the circumstances, to a
finding that the member was not conscious of the danger to
which he exposed himself, or at least to a finding that con-
sciousness of the danger was not proved.

Counsel for respondent contends in his brief that the evi-
dence in the case shows that the member was in fact conscious
of the danger and voluntarily exposed himself to it. But

there is no motion to review the findings of the trial court. The written decision of the trial judge and his change of his finding as first written by striking out the word "voluntary" as above stated show that he gave careful and conscientious consideration to the evidence. In this situation, in absence of a motion to review, we do not review the evidence. *Noll v. Nugent,* 214 Wis. 204, 252 N. W. 574; *Kaczmarski v. F. Rosenberg Elevator Co.* 216 Wis. 553, 257 N. W. 598; sec. 274.12, Stats.

Counsel for appellant contends that there is no evidence that the exempting clause relied on by the respondent, in the constitution of the defendant adopted in 1931, had been adopted and was in the contract in 1919 when the certificate in suit was issued; and that, if it had not then been adopted, adopting it afterward would effect such a material change in the contract as would exclude it as a defense, notwithstanding the terms of the certificate relative to the rights of the parties being governed by the constitution existing at the time the injuries giving rise to the suit are sustained, citing *Wuerfler v. Trustees Grand Grove W. O. D.* 116 Wis. 19, 92 N. W. 433, in support of his contention. In view of the construction given by us to the contract, decision of this question is not necessary, and we do not consider it.

*By the Court.*—The judgment of the circuit court is reversed, and the cause remanded with direction to enter judgment for the plaintiff.