BORG, Respondent, vs. FAIN, Appellant.*

*November 7—December 4, 1951.*

*Motion for rehearing denied, with $25 costs, on February 5, 1952.

For the appellant there was a brief by *Lyman K. Arnold* of Elkhorn, attorney, and *Kirkland, Fleming, Green, Martin & Ellis* and *Georges Dapples,* all of Chicago, Illinois, of counsel, and oral argument by *Mr. Dapples.*

For the respondent there was a brief by *Moran, O'Brien & Richardson* of Delavan, and oral argument by *J. Arthur Moran.*

GEHL, J.    The plaintiff contends and the trial court agreed that, because the defense relied upon is based upon an inadmissible oral agreement, the prior and contemporaneous verbal agreements set forth in defendant's pleadings are merged in the written contract evidenced by the notes, and that parol evidence of such agreements is not admissible to vary or contradict its terms, he was entitled to summary judgment.

As appears from the foregoing statement of facts, the notes were simple in form without any reference to any collateral or extraneous agreement.  Particularly, they do not on their face contain any reference to the alleged agreement that the stock of the Borg Company was to be held as security for their payment.  To prove such agreement requires plaintiff to establish its existence by parol and thereby open the door to parol proof of the entire oral contemporaneous agreement.

"Where one party has been permitted to introduce extrinsic evidence of the facts and circumstances leading up to, and connected with, the execution of a written contract, the other party may introduce evidence as to the same matters notwithstanding such evidence tends to vary or contradict the writing."  20 Am. Jur., Evidence, p. 1013, sec. 1159.

Plaintiff has no means of establishing that he has possession of the stock certificates under an agreement to hold

them as collateral to the notes except by resorting to the oral agreement. It would be an unjust rule, contrary to all principles of equity, to permit plaintiff to take advantage of that part of the oral agreement under which, he alleges, he holds the certificates as collateral to the notes, and to repudiate those parts of the same agreement which, defendant alleges, define the circumstances under which the notes and the certificates are held by plaintiff.

Plaintiff contends that by admitting in his pleadings that the stock certificates were agreed to be held as collateral security for the notes defendant has waived his right to prove the rest of the oral agreement. That might be true if the admissions were inconsistent or conflicting with defendant's offer. They are not only consistent but are also in accord with, and a part of the defendant's alleged defense.

Thus, it appears that there were factual issues presented by the pleadings. Plaintiff's motion for summary judgment should therefore have been denied. *Prime Mfg. Co. v. A. F. Gallun & Sons Corp.* 229 Wis. 348, 281 N. W. 697.

There is another reason why the motion for summary judgment should have been denied. The facts pleaded in the counterclaims and the plaintiff's reply thereto present substantial issues of fact. Plaintiff contends that defendant has not been prejudiced by the court's failure to try the issues raised by the counterclaims; that he can still pursue the remedy sought to be enforced thereby. It has been the general practice in the courts of this state to dispose at one trial of all of the issues made by the pleadings. There are many sound reasons for following the practice, reasons which concern the interests of both the public and the litigants.

". . . the piecemeal trial of separable issues of fact, so as to have separate trials and interlocutory adjudications as to such separable issues, even though there is thereby a substantial disposal of the merits, should be undertaken only

with great caution, even when requested upon stipulations by the parties, so as to avoid complicating and delaying the disposition of litigation and unduly increasing the cost and expense thereof to all concerned." *Cooper v. Commercial Casualty Ins. Co.* 209 Wis. 314, 318, 245 N. W. 154.

*By the Court.*—Judgment reversed, and cause remanded for further proceedings according to law.

The following opinion was filed February 5, 1952:

GEHL, J. (*on motion for rehearing*). We find nothing in plaintiff's brief to convince us that we were wrong in determining that where one sues upon a written instrument and reaches beyond the writing for parol evidence of a contemporary arrangement to support a demand for relief which the terms of the paper do not afford him the court should receive such of the evidence as supports his claim and should not deny to the other party the right to establish other terms of the parol arrangement. Had the plaintiff brought a simple action at law for judgment upon the note everything which he said in his original brief and urges in that filed on this motion would apply, unless, of course, the defendant had presented a case for the application of sec. 116.20, Stats., or one within the other exceptions to the parol-evidence rule.

To reach our conclusion it is not necessary that we declare a new exception to the parol-evidence rule. Our opinion should not be construed as a declaration of one or as an abandonment of the rule that parol evidence may be introduced only with respect to aspects of the agreement which are not expressly covered by the writing, but not in contradiction of those terms of the agreement specifically stated in the writing. It should be read and considered only in connection with the facts here involved. *Vinograd v. Travelers Protective Asso.* 217 Wis. 316, 258 N. W. 787.

We might, probably we should, have made it more clear that we were in fact disposing of the question upon the doctrine of waiver. To admit defendant's testimony as to the alleged contemporary oral arrangement as original testimony would probably be improper. But to permit plaintiff to give his version of a part of the arrangement gathered from conversation between the parties and to deny the defendant the privilege of giving his version of the entire oral arrangement would be manifestly unfair.

Our position might also have been made more clear had we anticipated plaintiff's contention now made that "the notes and the pledge are wholly separate transactions. The notes are evidence of a debt. The pledge is a method of securing payment, and evidence or pleading as to one transaction cannot open the door to the admission of evidence to the other." The answer to that contention lies in the fact that plaintiff seeks to enforce a pledge the terms of which are not contained in the note. It is he, not the defendant, who first ventured into "the other" oral transaction for parol proof to sustain his claim that it was agreed that the stock certificates were held by him as security for the debt evidenced by the notes. He asks the court to enforce the terms of the other transaction solely· upon his offer to prove that to secure the payment of the notes defendant pledged the certificates and to deny to defendant the right to prove the rest of that transaction. We are asked to ignore the rule that when one party gives in evidence one part of a conversation with respect to a transaction the other party may give the whole thereof. *Estate of Gilbert,* 167 Wis. 291, 166 N. W. 442, 167 N. W. 447; *Anderson v. Arpin Hardwood Lumber Co.* 131 Wis. 34, 110 N. W. 788; 2 Jones, Evidence (2d ed.), p. 1340, sec. 715.

*Nemo vinum habere atque bibere potest.*

*By the Court.*—Motion for rehearing denied with costs.